**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REGIONS BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-961-BAJ-RLB** |
| **RUSS SETTOON** | |

# STATUS REPORT

## A. JURISDICTION

What is the basis for the jurisdiction of the Court?

Diversity of citizenship under 28 U.S.C. 1332. Plaintiff is a citizen of Alabama. Defendant is a citizen of Louisiana. The amount in controversy exceeds $75,000.00, exclusive of interest and costs

## B. BRIEF EXPLANATION OF THE CASE

1. Plaintiff claims: Plaintiff is the administrative agent for a Credit Agreement through which non-party Rigid Constructors, LLC borrowed substantial sums of money that have not been repaid. Defendant signed the Credit Agreement as a personal guarantor to induce Plaintiff and participating banks to agree to enter into the Credit Agreement and to make advances to Rigid Constructors under the Credit Agreement. Rigid Constructors and Defendant defaulted under the Credit Agreement earlier this year, including by failing to make payments when due. Efforts at out-of-court resolution were not successful. Plaintiff seeks judgment for the full amount due under the Credit Agreement, which totaled $49,504,371.90 as of August 17, 2026.

2. Defendant claims: Defendant is investigating.

## C. PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s): Defendant is filing a request for an extension to respond until November 10, 2026. Defendant understands that Plaintiff does not object to such an extension.

## D. ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

PLAINTIFF: The principal legal issues are the amount due under the Credit Agreement and Defendant's liability for the amount due under the Credit Agreement.

DEFENDANT: Issues include (i) enforceability of certain agreements regarding possible guaranty of the debts of a principal obligor; (ii) the amount of liability if any: (iii) reservation of all defenses.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset: N/A

1. Plaintiff's calculation of damages: $49,504,371.90 as of August 17, 2026.

2. Defendant's calculation of offset and/or plaintiff's damages: N/A

3. Counterclaimant/cross claimant/third party's calculation of damages: N/A

**F. SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: NONE

**G. DISCOVERY**

1. Initial Disclosures:

A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B. Do any parties object to initial disclosures?

[ ] YES [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): NONE

By defendant(s): NONE

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Defendant anticipates that any protective order will involve confidential information regarding possible obligors and the defendant, and that any protective order submitted will be consensual and non-controversial,.

4. Discovery from experts:Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): None currently identified.

By defendant(s): Currently no issues for expert testimony identified. Defendant reserves the prospect of expert testimony.

## H. PROPOSED SCHEDULING ORDER

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: November 23, 2026.

2. Recommended deadlines to join other parties or to amend the pleadings:

February 1, 2027.

3. Filing all discovery motions and completing all discovery except experts:

May 31, 2027.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff(s): (if any) March 1, 2027.

Defendant(s): (if any) March 1, 2027.

5. Exchange of expert reports:

Plaintiff(s): May 14, 2027.

Defendant(s): May 14, 2027.

6. Completion of discovery from experts: June 30, 2027.

7. Filing dispositive motions and Daubert motions: July 30, 2027.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

[ ] YES [X] NO

9. Estimate the number of days that trial will require. ONE

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [X] NO

i. If the answer is *yes*, please explain:

ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK “NO” IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X] YES [ ] NO

## K. SETTLEMENT

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

   The parties have been in continuous discussions concerning the primary obligor debt to Plaintiff and are working toward a consensual process for repayment of some or all of the debt of primary obligor(s) to Plaintiff. No particularized discussions have taken place concerning the claims of Plaintiff against Defendant in this action.

2. Do the parties wish to have a settlement conference:

   [ ] YES [X] NO (Not at this time)

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

## L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[x ] YES [ ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**

Attached.

Report dated: 10/22/2026

Respectfully submitted,

s/J. Eric Lockridge
J. Eric Lockridge, T.A. (#30159)
eric.lockridge@keanmiller.com
James R. Chastain (# 19518)
sonny.chastain@keanmiller.com
Katilyn M. Hollowell (#37729)
katie.hollowell@keanmiller.com
Allison Colon (#33068)
allison.colon@keanmiller.com
Taylor Guice (#41764)
taylor.guice@keanmiller.com

Kean Miller LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999

*Attorneys for Plaintiff, Regions Bank,*
*as Administrative Agent for the Lenders*

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**REGIONS BANK** **CIVIL ACTION**

**VERSUS** **NO. 26-961-BAJ-RLB**

**RUSS SETTOON**

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), the parties to the above captioned civil proceeding hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case.

The parties are aware that in accordance with 28 U.S.C. 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other judgment of the district court.

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|---|---|---|---|
| 10/22/2026 | Plaintiff Regions Bank | J. Eric Lockridge | s/J. Eric Lockridge |
| 10/22/2026 | Defendant Russ Settoon | Louis M. Phillips | s/ Louis M. Phillips |
| | | | |
| | | | |
| | | | |